JULIA ROSARIO DE ROSARIO, Appellant, *v.* REGISTRAR OF PROPERTY OF GUAYAMA, Respondent.

No. 1090. Submitted November 3, 1941.—Decided November 3, 1941.

*Fiddler, McConnell & González,* and *J. M. Morales,* for appellant. The registrar did not appear.

Mr. Justice De Jesús delivered the opinion of the court.

By deed No. 25 of May 15, 1940, executed before Notary Jorge Morales, The National City Bank of New York, represented by William L. Pope and Donal P. Campbell, sold to the appellant a certain lot situated in the ward (*barrio*) of Matón Arriba of Cayey. Upon said deed being presented in the Registry of Property of Guayama, the record thereof was denied on the grounds set forth in the following decision:

"Record of the foregoing document, at page 241, vol. 98 of the Municipality of Cayey, property No. 3654, entry letter 'A', is denied, because it is noted that, in the light of Section 14 of the Notarial Law, as amended by Act No. 7 of March 23, 1937, this deed is void, as it does not appear therefrom that the purchaser, who does not know how to sign, has stamped her fingerprints on each sheet or page of the same; and because it is further noted that the power of attorney on which the attorneys in fact base their authority is insufficient for the following reasons: (*a*) because the power of attorney which was executed outside the Island of Puerto Rico has not been protocolized in accordance with Section 4 of the Act establishing the Register of Powers of Attorney, approved May 8, 1937, nor has the same been registered in the Register of Powers of Attorney created by said

act; (b) because there is involved a substitution whereby William A. Simonson delegated to W. L. Pope and to such person as might be authorized to act as manager of any branch of The National City Bank of New York in Puerto Rico, certain powers granted to the former by the Board of Directors of said Bank, and the instrument whereby said original powers were granted has not been submitted in order to pass upon the same; (c) because the identity of the person designated to act jointly with Mr. Pope as a substitute attorney in fact does not appear, nor in any case, is it shown, that Mr. Campbell is the Manager of a branch of the Bank in Puerto Rico; and (d) because in any event, if the protocolization be not necessary, no 'acceptance can be accorded to the so-called certificate attesting to the exhibition of a power of attorney (*testimonio por exhibición*), wherein there is merely set forth a copy of the delegation of authority without the notary certifying nor being able to certify to the authenticity of the document exhibited, which, in order to be effective as against third persons must be deposited in a public registry, and then subjected to a determination of its genuineness by means of a comparison of the signatures thereon or by any other means of establishing its validity in case any controversy respecting the same should arise; AND IN LIEU THEREOF a cautionary notice has been entered for the statutory period of 120 days in favor of Doña Julia Rosario, widow of Rosario, respecting her purchase title, on the page and volume above-mentioned. The property sold is free from all charges or liens. Guayama, this 14th day of April, 1941.''

From the above-transcribed decision the present appeal has been taken, without the respondent registrar having filed any brief in support of his ruling.

The first question raised by the registrar involves the interpretation of Section 14 of the Notarial Law, as amended by Act No. 7, approved March 23, 1937 (Laws of 1936–37, p. 128), which textually reads as follows:

''Should the parties to the instrument, or any of them, not know how to sign, or be unable to do so, the notary shall state the fact, and one of the witnesses shall sign and affix his initials for the party, and such witness shall precede his signature with a note in his own handwriting that he signs for himself as witness and in the name of the party who does not know how, or is unable, to do so; *Provided,*

*further, That the party or parties to the instrument who do not know how to sign or are unable to do so, shall stamp their finger-prints on each sheet or page."* (Italics ours.)

Challenging the first part of the decision, the appellant argues that the failure to stamp the fingerprints which is characterized by the registrar as an incurable defect, can only be considered at most as a curable defect, since the appellant, in entering into the contract of sale, did not perform any act of alienation but of mere acquisition, for which purpose she could be represented by an agent under an oral power of attorney, who also in that same capacity could have ratified the deed; these circumstances being, in her judgment, indicative of the curable character of the defect in question.

We will not stop to consider the merits of this argument. The appellant has deviated from the true question in controversy, which is to determine whether the document involved constitutes one of the instruments subject to record referred to in Section 3 of the Mortgage Law which in its pertinent part provides:

"Art. 3. In order to permit of the record of the instruments mentioned in the foregoing article, they must be embodied *in a public instrument,* final judgment, or authentic document, issued by a judicial authority, or by the Government or its agents, in the form prescribed in the regulations."

The deed giving rise to this appeal was executed on May 15, 1940. However, as we have seen, three years before that date Section 14 of the Notarial Law above cited had been amended in the sense of requiring that a party who does not know how to sign or is unable to do so, should stamp his fingerprints on each sheet or page.

Notwithstanding the clearness of the above-quoted provision, the requirement in question was not complied with in this case. In other words, the signature of one of the parties to the instrument was not affixed in the form required

434

by the statute. That being so, as was said in *Banco Territorial* v. *Registrar of San Germán,* 22 P.R.R. 545, 549, the result is the same as though said signature did not exist, and therefore the instrument is null and void pursuant to Section 20 of the Notarial Law which in its pertinent part provides:

"Section 20.—The following public instruments shall be null and void:

"1. * * * * * * *

"2. * * * * * * *

"3. . . . where the signature of the parties and witnesses, and the signature, mark and rubric of the notary, when requested, do not appear."

Unquestionably, the legal requisite of stamping the fingerprints is of the utmost importance, since in that way, in so far as the parties who can not or do not know how to sign are concerned, the lawmaker has succeeded in imparting to the public instrument the seal of indisputable authenticity, in accordance with the latest dictates of science. Indeed, fingerprints can properly take the place of a signature.

See, by analogy, besides the above-cited case, the decisions in *Rodríguez* v. *Registrar,* 14 P.R.R. 715; *Villanueva* v. *Registrar,* 18 P.R.R. 801; and *Muñoz* v. *Registrar,* 25 P.R.R. 786.

 As the deed in question is void in accordance with the provisions of Section 20 of the Notarial Law, said instrument does not constitute the recordable title contemplated by the Mortgage Law; and as it does not constitute such title, the registrar acted correctly in refusing to record the same and in characterizing the defect as incurable.

The circumstance that in this case it was the purchaser and not the vendor who did not know how to sign is immaterial, for apart from the fact that the law makes no distinction, and demands such requisite from every party to the instrument, who should find himself in the situation already

referred to, in the last of the above-cited cases, which involved a purchaser who was unable to sign, it was held:

"With respect to the other point, the law is equally clear. Saras appears only as signing for the purchaser. He is in no sense a witness of the execution of the deed (*testigo instrumental*), as two others appear as such instrumental witnesses. There must be a strict compliance with the notarial law in this regard."

■ Perhaps it might be advisable to explain that the nullity of the title for failure to conform to the provisions of the law does not necessarily carry with it the nullity of the contract of sale which may be perfectly valid and binding on the parties, as it contains the three requisites enumerated in Section 1213 of the Civil Code.

■ We will now turn to consider the remaining aspects of the decision appealed from, since the powers of attorney objected to by the registrar may be resubmitted and the question now before us raised anew.

Since the two powers of attorney granted in favor of Mr. Campbell and Mr. Pope had been executed in New York, was it not necessary that said instruments, in order to be effective in Puerto Rico, in so far as the transaction herein is concerned, should have been previously protocolized and recorded in the Register of Powers of Attorney in accordance with Sections 3 and 4 of the Act of May 8, 1937 (Act No. 62, Laws of 1936–37, p. 185)?

The cited sections read as follows:

"Section 3.—It shall be the duty of every notary before whom a deed to constitute, modify, extend, substitute, renounce, or renew a power of attorney is executed, to send to the secretary of the Supreme Court of Puerto Rico, within the forty-eight hours following the execution thereof, a notice certified under his seal, setting forth therein the name or names of the grantor or grantors and of the witnesses, and the date, number and nature of the deed, specifying the person to whom the power of attorney is granted, extended, modified, or revoked; in case of substitution of the power of attorney, the name of the person substituted and of the attorney-in-fact shall

be stated in said notice, and in cases of renunciation of the power of attorney, the name of the constituent thereof shall be given; *Provided*, That it shall be the duty of the secretary of the Supreme Court to acknowledge to the notaries the receipt of the said notice and to proceed immediately after the receipt thereof to make the corresponding entry in the register prescribed in the preceding section.

"Section 4.—No instrument to constitute, modify, extend, substitute, renounce, or revoke a power of attorney, executed outside the Island shall be effective in Puerto Rico unless it is first protocolized in Puerto Rico; and it shall be the duty of the notary protocolizing such deed to comply with the provisions of Section 3 of this Act, as if the instrument the subject of the protocolization had been executed before him.'"

The necessity of protocolizing and recording said powers of attorney in order that they might be effective in Puerto Rico after the Act of May 8, 1937, took effect is manifest; however, the appellant argues that as they were executed prior to said act, and the same does not contain any provision giving it a retroactive effect, such protocolization is unnecessary.

The appellant is not right. What the act provides is that from and after its approval, no instrument of this character shall be effective in Puerto Rico unless it is first protocolized and recorded in the Register of Powers of Attorney. As the deed of sale was executed on May 15, 1940, that is, about three years after the cited act had taken effect, it is clear that at that time the powers of attorney which had not been protocolized or recorded could not be effective in connection with said deed. The contention of the appellant would be correct if the deed of sale had been executed prior to the taking effect of the act already mentioned.

■ Our conclusion is not affected by the fact that notarial certificates attesting to the exhibition (*actas de testimonios por exhibición*) of said powers of attorney have been issued, for it is well known that such a notarial certificate is not the legal equivalent of a certificate of protocolization.

In the latter case the notary attaches to his protocol the instrument which has been submitted to him for protocolization; in the former case he returns the same and there only remains in the protocol a copy made by the notary. But even supposing—without admitting it—that they were so equivalent, said instruments would always be subject to the defect of a failure to appear previously recorded in the Register of Powers as required by law.

█ Since the statute does not fix a term for the protocolization of a power of attorney, there is nothing to preclude the instruments originally executed in New York, from hereafter being presented for protocolization purposes to a notary in Puerto Rico, who in his turn should comply with the law in so far as the registration of the powers of attorney is concerned.

The defects assigned by the registrar under the letters B and C are, in our judgment, nonexistent. The power of attorney granted in favor of Mr. Campbell, which appears in the notarial certificate of exhibition No. 49, was submitted to and approved in all its parts by the board of directors of the above-mentioned bank, as appears from the certificate issued by the same notary before whom the said power of attorney was executed in the city of New York. As the resolution of the board of directors was transcribed in the instrument or power of attorney by the notary, it is unnecessary to present to the registrar the original resolution adopted by the Board of Directors, apart from the fact that at no time could the original of such resolution, but only a certified copy thereof issued by the secretary of the corporation, be produced, for the original document always remains as a part of the minute book in the office of the corporation.

The powers of attorney supplement each other. That in favor of Mr. Campbell, in the third clause thereof, contains a limitation to the effect that in order that the instrument might be effective the intervention of another person, to be

designated in writing from time to time by the chairman, president, or senior vice-president of said bank, would be necessary; and the power of attorney granted in favor of Mr. Pope by the senior vice-president constitutes the designation to which the power of attorney in favor of Mr. Campbell refers.

With the foregoing explanation, the decision appealed from is affirmed.